NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 04 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10492 |
| Plaintiff-Appellee, | D.C. No. 2:96-CR-350-WBS |
| v. | MEMORANDUM[*] |
| HUY CHI LUONG, AKA Jimmy Luong, | |
| Defendant-Appellant, | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted February 10, 2016
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:        **TASHIMA** and **W. FLETCHER**, Circuit Judges and
                       **GETTLEMAN**,[**] Senior District Judge.

Appellant Huy Chi Luong appeals his 360-month sentence imposed in the Eastern District of California for money laundering.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

In the mid-1990s, appellant was one of the leaders of a criminal organization that robbed computer chip companies in California.  In connection with these robberies, appellant was convicted and sentenced in the Northern District of California under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), to 300-months' imprisonment.  Pursuant to 18 U.S.C. § 924(c), 60 months of appellant's 300-month Northern District sentence was required to run consecutively to any other sentence he received.

Appellant was also convicted in the Eastern District of California in the instant case for laundering the proceeds from the robberies of two computer chip companies that were not charged as a part of the Northern District case.  The Eastern District Court sentenced appellant to a total of 360-months' imprisonment. The district court ordered that 240 months of appellant's sentence run concurrently to appellant's 240-month Northern District sentence, with the remaining 120-

---

[**]    The Honorable Robert W. Gettleman, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

months running consecutively to appellant's 60-month Northern District sentence under 18 U.S.C. § 924(c). Accordingly, the Eastern District Court's sentence had the effect of adding an additional 120 months onto the Northern District Court's 300-month sentence.

Contrary to appellant's first argument based on U.S.S.G. § 5G1.3, the Eastern District Court did in fact impose a concurrent sentence to the extent possible. Because 60 months of appellant's 300-month sentence in the Northern District case had to be served consecutively to any other sentence pursuant to 18 U.S.C. § 924(c)(1)(D)(ii), the district court was required to run the remaining 120 months of its sentence consecutively to those 60 months.

Appellant's real complaint is not that the district court departed from U.S.S.G. § 5G1.3, but that the court's sentence should not have been longer than the Northern District Court's sentence. Section 5G1.3, however, did not require the district court to impose a shorter sentence than the sentence imposed by the Northern District Court. Instead, the sentencing guideline merely required the district court to consider running its sentence concurrently to the Northern District's sentence, which the court did in fact do to the extent possible.

Nor was the Eastern District Court's 360-month sentence substantively unreasonable. On remand, over the course of two hearings, the district court heard

arguments from appellant and appellee concerning an appropriate sentence. The district judge questioned counsel extensively concerning the Northern District Court's sentence, U.S.S.G. § 5G1.3(b), 18 U.S.C. § 924(c)(1)(D), and the Northern District Court's consideration of the underlying robberies. In issuing his judgment, the district judge concluded that "a sentence within the guidelines would [not] be consistent with the need to impose a sentence which is sufficient but not greater than necessary to accomplish all the purposes of Section 3553(a)."

Although appellant's 360-month sentence is a significant upward departure from his 63-78 month Guideline range, the district court thoroughly articulated its reasons for departing. According to the district court, a sentence within the Guideline range would not reflect the seriousness of the specific money laundering offense, would not sufficiently protect the public, and would cause an unwarranted sentencing disparity among the defendants. The district court recognized that the present case was a money laundering case, but noted that it was necessary to take into consideration the circumstances of the underlying crimes that formed the basis of the money laundering counts. The district judge also found that the Guidelines did not adequately take into consideration the heinous nature of the underlying robberies. Although the underlying robberies were used to calculate appellant's

criminal history under the Guidelines in the Northern District case, the nature of those crimes was not a part of the Northern District Court's sentencing decision.

Finally, the district court did not rely on an improper sentencing factor – the time and expense of prosecution – in increasing appellant's sentence. Although mentioned by the district judge, the court had already determined, without consideration of this improper factor, that an additional 120-months of imprisonment were necessary to fulfill the 18 U.S.C. § 3553(a) sentencing factors.

The district court did not commit any significant procedural errors when sentencing appellant. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The district court properly calculated the Guideline range, considered the 3553(a) factors, did not rely on any clearly erroneous facts, and adequately explained the chosen sentence, including its reasons for departing from the Guideline range. *See id.* Nor was the district court's sentence substantively unreasonable. Consequently, appellant's sentence is affirmed.

**AFFIRMED.**